**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALVARADO-RAMIREZ, AKA Galvino Barrera Barojas, AKA Jose Contreras Zaragoza, AKA Luis Garcia-Vega, | No.    17-70895 |
| | Agency No. A200-975-936 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
Pasadena, California

Before:    TASHIMA, COLLINS, and SANCHEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Carlos Alvarado-Ramirez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of Alvarado-Ramirez's application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence the agency's factual findings underlying its determinations. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). We deny the petition for review.

Substantial evidence supports the BIA's finding that, even if Alvarado-Ramirez had otherwise established a well-founded fear of future persecution, he failed to show that he could not avoid such persecution by relocating within Mexico. *See Hussain*, 985 F.3d at 646 ("Even if the standard [for well-founded fear of persecution] is met, an applicant is still ineligible [for relief] if it would be reasonable under the circumstances to relocate within the country to avoid future persecution."). The BIA properly found that the harm Alvarado-Ramirez fears is based on a land dispute between his father and brother and that Alvarado-Ramirez's assertions that he would experience harm even if he moved "away from the disputed land" were speculative and unsupported. Alvarado-Ramirez's reliance on evidence of other threats or of general violence does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Hussain*, 985 F.3d at 649

2

(explaining that an applicant "cannot successfully argue that relocation is unreasonable because the country at large is subject to generalized violence," unless he shows that "he is at risk of country-wide *targeted* persecution").

Alvarado-Ramirez's contention that the IJ violated the procedural requirements set out in *Ren v. Holder*, 648 F.3d 1079, 1093 (9th Cir. 2011), lacks merit. The IJ denied Alvarado's application because his credible testimony did not show facts sufficient to demonstrate his entitlement to relief, not for lack of corroboration, and the protections set out in *Ren* therefore did not apply. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) (explaining that an applicant must "satisfy the IJ that her testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate" entitlement to relief; if the applicant fails to meet this burden, then the IJ has "no obligation to give [the applicant] an additional opportunity to bolster her case by submitting further evidence," and the protections set out in *Ren* do not apply (citations and internal quotation marks omitted)).

The stay of removal remains in place until issuance of the mandate.

**Petition for Review DENIED.**